**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION**

| | |
|---|---|
| BUDSGUNSHOP.COM, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 5:10-cv-00390-KSF |
| v. ) | |
| ) | |
| ) | |
| ) | |
| SECURITY SAFE OUTLET, INC., and ) | |
| MATTHEW DENNINGHOFF ) | |
| ) | |
| Defendants. ) | |

# **AMENDED COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 15, and for its first amended complaint against defendants Security Safe Outlet, LLC (hereinafter "SSO") and Matthew Denninghoff, plaintiff Budsgunshop.com, LLC (hereinafter "Budsgunshop") states as follows:

## **PARTIES AND JURISDICTION**

1. Plaintiff Budsgunshop.com, LLC is a Kentucky limited liability company having its principal place of business in Lexington, Fayette County, Kentucky.

2. Defendant Security Safe Outlet, Inc., is a Kentucky corporation having its principal place of business in Paris, Bourbon County, Kentucky.

3. On information and belief, defendant Matthew Denninghoff is an individual having his principal residence in Paris, Bourbon County, Kentucky.

4. This is an action for violation of the Computer Fraud & Abuse Act, 18 U.S.C. § 1030; for violation of the Stored Communications Act, 18 U.S.C. § 2701; for trade secret misappropriation under KRS § 365.880; and for violation of KRS §§ 434.845 - .855 prohibiting

the unauthorized access and/or use of data and other information maintained on a computer system.

5. This Court has original and supplemental jurisdiction over the subject matter of this case pursuant to sections 1331 and 1367 of Title 28 of the United States Code.

6. The Lexington Division of the United States District Court for the Eastern District of Kentucky is an appropriate venue for this action pursuant to 28 U.S.C. § 1391(b) because defendants SSO and Mr. Denninghoff reside in this judicial district and because a substantial part of the events or omissions giving rise to the claims asserted herein occurred within this judicial district.

## FACTUAL ALLEGATIONS

7. Defendant SSO was formed as a Kentucky corporation in June 2000 by Marion E. "Bud" Wells, Jr., with Mr. Wells being the sole shareholder of SSO. SSO operated a retail firearm and security safe store in Paris, Kentucky, under the name "Bud's Gun Shop."

8. In January 2007, Mr. Wells and Earley M. Johnson II entered a Stock Purchase Agreement in which Mr. Johnson purchased a minority interest in SSO. Mr. Johnson subsequently increased his minority interest in SSO by further agreement in 2008.

9. In May 2007, plaintiff Budsgunshop was formed as a Kentucky limited liability company with Mr. Wells and Rex McClanahan as its sole members. Mr. Wells and Mr. McClanahan formed Budsgunshop for the purpose of selling firearms and related goods over the internet.

10. In April 2009, Mr. Wells and SSO entered a Stock Redemption Agreement in which SSO redeemed all shares owned by Mr. Wells, which transaction placed SSO in the effective control of Mr. Johnson.

11. As part of the April 2009 transaction, SSO transferred its federal and state trademark rights in the tradename "Bud's Gun Shop," as well as various permutations of that name, to Mr. Wells. Concurrently with the transfer, Mr. Wells licensed back such rights on a limited basis to SSO to be used solely for a retail firearms store physically located in Paris, Kentucky, and/or a shooting or firing range business. The rights were not licensed to SSO for use in connection with the online sale of firearms, as the parties anticipated that Budsgunshop would maintain the exclusive use of such rights in connection with its online retail business.

12. From time to time thereafter, Budsgunshop would sometimes fulfill online orders for firearm products through SSO, as it did with other unrelated retail firearm dealers. For purposes of order fulfillment, SSO was provided limited access and limited authorization to Budsgunshop's computer network system for the sole purpose of obtaining limited customer and order information necessary to fill specific orders. Budsgunshop did not provide authorization to SSO to utilize its permitted access to the computer network system for any other purpose.

13. Prior to January 2010, defendant Matthew Denninghoff served as an employee of plaintiff Budsgunshop, working as needed on information technology matters and in the coding, design, and implementation of the Plaintiff's website.

14. In January 2010 Mr. Denninghoff abruptly ended his employment with Budsgunshop and, on information and belief, began immediate employment with SSO.

15. When thereafter asked to return the expensive workstation computer provided to Mr. Denninghoff by Budsgunshop for work purposes, Mr. Denninghoff (an SSO employee at the time) informed Budsgunshop that he had erased the entire contents of the hard drive of the computer and would only return the hardware and software initially provided by Budsgunshop. Budsgunshop retained a third party computer forensics expert in an effort to retrieve the deleted

3

contents of Mr. Denninghoff's work computer, but none of the contents of the hard drive could be recovered.

16. When asked to provide the source code and other work product created while a Budsgunshop employee, Mr. Denninghoff (now an SSO employee) indicated that "my source code" was stored on "my own personal server," and he provided only marginally useful computer code to Budsgunshop. Budsgunshop was therefore forced to retain yet another third party contractor, at considerable expense, for the purpose of reconstructing the incomplete computer code into a workable program.

17. Because Mr. Denninghoff had created such computer code while working as a Budsgunshop employee and within the scope of his employment, the code was a "work made for hire" under the federal Copyright Act and therefore owned solely by Budsgunshop.

18. In April 2010 Budsgunshop learned that SSO was launching an online presence for the purpose of selling firearms and related goods over the internet, a business move that placed the two companies in direct competition with one another.

19. Upon learning of SSO's competing business venture, Budsgunshop terminated all access by SSO to Budsgunshop's computer network system.

20. On information and belief, on or about September 30, 2010, SSO sent a mass email communication to Budsgunshop's Kentucky customers announcing the "grand opening" of a business named "Smokin' Guns" with a physical location in Paris, Kentucky and an internet presence at www.gunshopandrange.com.

21. The September 30, 2010, email was sent from mailerd@jetguns.com, the domain name for which, jetguns.com, is currently registered to SSO.

22. On information and belief, SSO's September 30, 2010, email communication to Budsgunshop's customers was made using a confidential customer email list improperly obtained by Defendants without authorization while they enjoyed limited access and authorization to Budsgunshop's computer network system, or alternatively, during a time period after their limited access was terminated.

23. On September 30, 2010, one of the current owners of Budsgunshop sent an email to SSO, Earley Johnson, Jennifer Arnett, and two other SSO employees demanding that SSO cease any further use of Budsgunshop's email list.  SSO did not respond.

24. On information and belief, on or about October 8, 2010, despite having received the clear demand from Budsgunshop to cease using the email list, SSO sent yet another mass email communication to Budsgunshop's Kentucky customers promoting its "retail store website, www.gunshopandrange.com."

25. The October 8, 2010, email also referenced the physical address of "Smokin' Guns" as being "4115 Lexington Road, Paris, KY 40361," which is the physical address of SSO.

26. On information and belief, SSO's October 8, 2010, email communication to Budsgunshop's customers was made using a confidential customer email list improperly obtained by Defendants without authorization while they enjoyed limited access and authorization to Budsgunshop's computer network system, or alternatively, during a time period after their limited access was terminated.

27. On November 11, 2010, Budsgunshop initiated this action by electronically filing its Complaint herein.

28. On November 12, 2010, a copy of the Complaint and the letter attached hereto as Exhibit A were mailed by Certified Mail to the Defendants.

29. On November 15, 2010, the Defendants received Exhibit A, as evidenced by the Certified Mail receipts attached hereto as Exhibit B.

30. On information and belief, on or about November 18, 2010, despite having actual knowledge of this lawsuit, the Defendants sent another mass email from the email address [mailerd@gunshopandrange.com](mailto:mailerd@gunshopandrange.com) to Budsgunshop's customers advertising certain "weekly specials thru the end of the year" on the sale and purchase of firearms and related goods and services.

31. On information and belief, SSO's November 18, 2010, email communication to Budsgunshop's customers was made using a confidential customer email list improperly obtained by Defendants without authorization while they enjoyed limited access and authorization to Budsgunshop's computer network system, or alternatively, during a time period after their limited access was terminated.

32. Budsgunshop has been damaged, and will continue to be damaged, by SSO's improper and unauthorized access, copying, and use of Budsgunshop's confidential computer data and electronic communications.

### COUNT I - VIOLATION OF 18 U.S.C. § 1030(a)(2)
### (COMPUTER FRAUD & ABUSE ACT)

33. Paragraphs 1 through 32 above are incorporated herein as if specifically set forth.

34. The computers comprising Budsgunshop's computer network system, including its email server, are "protected computers" within the meaning of 18 U.S.C. § 1030(e)(2), because the computers are, and were at all relevant times, used in interstate commerce through the sale of firearms and related goods nationwide.

35. As set forth in detail above, Defendants intentionally accessed one or more protected computers without authorization or in excess of any authorization provided by Budsgunshop.

36. Through this unauthorized access, Defendants obtained and/or erased information from said protected computers, in particular Budsgunshop's customer email database, customer orders, customer communications and data, and computer code.

37. As a direct and proximate result of Defendants' actions, Budsgunshop has suffered damages or loss that equal or are in excess of $5,000. These damages arise from lost revenue and profits, damage to good-will, and time spent to investigate, repair, and/or recover lost or damaged computer information.

38. Defendants' actions constitute a violation of 18 U.S.C. § 1030(a)(2) and have damaged Budsgunshop.

39. As a result of Defendants' actions, Budsgunshop is entitled to injunctive relief and to recovery of economic damages in an amount to be determined by this Court.

### COUNT II - VIOLATION OF 18 U.S.C. § 1030(a)(4)
### (COMPUTER FRAUD & ABUSE ACT)

40. Paragraphs 1 through 39 above are incorporated herein as if specifically set forth.

41. The computers comprising Budsgunshop's computer network system, including its email servers, are "protected computers" within the meaning of 18 U.S.C. § 1030(e)(2), because the computers are, and were at all relevant times, used in interstate commerce, through the sale of firearms and related goods nationwide.

42. Defendants knowingly, and with intent to defraud, acted without authorization or exceeded authorized access to one or more of Budsgunshop's protected computers.

43. Defendants evidenced intent to defraud by using dishonest methods to obtain the customer information and by utilizing the information to solicit Budsgunshop's customers and by erasing or damaging Budsgunshop's computer programs and computer code.

44. This conduct allowed for Defendants to obtain things of value, including but not limited to Budsgunshop's customer email database, customer communications and data, and computer code.

45. Defendants' possession and use of this database caused damage or loss equal to or in excess of $5,000.

46. Defendants' actions constitute a violation of 18 U.S.C. § 1030(a)(4) and have damaged Budsgunshop.

47. As a result of Defendants' actions, Budsgunshop is entitled to injunctive relief and to recovery of economic damages in an amount to be determined by this Court.

### COUNT III – VIOLATION OF 18 U.S.C. § 2701(a)
### (STORED COMMUNICATIONS ACT)

48. Paragraphs 1 through 47 above are incorporated herein as if specifically set forth.

49. Defendants intentionally and without authorization accessed a facility through which Budsgunshop provided electronic communication services to its customers and others.

50. Defendants did not have authorization to access customer email messages or to access and use the customer email database.

51. Through the unauthorized access to the aforesaid electronic communications facility, Defendants accessed emails, email addresses, and other electronic communications between Budsgunshop and its customers.

52. Defendants' aforesaid actions constitute a violation of 18 U.S.C. § 2701(a).

53.     The foregoing actions of Defendants have damaged Budsgunshop in an amount to be determined by this Court.

### COUNT IV – VIOLATION OF K.R.S. §§ 365.880, *et seq.*
### (MISAPPROPRIATION OF TRADE SECRETS)

54.     Paragraphs 1 through 53 above are incorporated herein as if specifically set forth.

55.     In committing the foregoing acts, the Defendants acquired information from Budsgunshop, in particular Budsgunshop's customer list of email addresses and other customer information, which derived independent economic value from not being generally known to and not being readily ascertainable by other persons that could obtain economic value from the information's disclosure or use.

56.     At all relevant times, said information has been the subject of efforts that have been reasonable under the circumstances to maintain the information's secrecy.

57.     The Defendants acquired said information by improper means and with knowledge and/or reason to know that the information was acquired by improper means, all in violation of KRS §§ 365.880, *et seq*.

58.     The Defendants used and/or disclosed said information without the express or implied consent of Budsgunshop and

   a.   used improper means to acquire said information; and/or

   b.   knew or had reason to know that said information had been acquired through improper means and/or under circumstances giving rise to a duty to maintain the secrecy of the information and/or to limit the use of said information; and/or

   c.   knew or had reason to know, before any change in position, that said information was a trade secret and had been acquired by accident or mistake;

all in violation of KRS §§365.880, *et seq*.

59. The foregoing actions of the Defendants in misappropriating Budsgunshop's trade secrets were done willfully and maliciously.

60. The foregoing actions of the Defendants have damaged Budsgunshop in an amount to be determined by this Court.

### COUNT V – VIOLATION OF K.R.S. § 434.845
### (UNLAWFUL ACCESS OF COMPUTER)

61. Paragraphs 1 through 60 above are incorporated herein as if specifically set forth.

62. Defendants unlawfully accessed Budsgunshop's computer information without the effective consent of Budsgunshop.

63. Defendants accessed this computer information by surreptitiously accessing and retrieving email data from Budsgunshop's computer servers.

64. Defendants accessed the computer servers in order to execute a scheme to defraud Budsgunshop and/or obtain property by use of false pretenses, namely by surreptitiously acquiring and using Budsgunshop's customer email addresses and other customer information without permission.

65. Defendants' actions constitute a violation of KRS § 434.845.

66. Budgunshop was injured by the unlawful access to its computers, which permits a civil cause of action under KRS § 446.070.

67. Pursuant to KRS § 446.070, Budsgunshop is entitled to recover damages from Defendants' actions in violation of KRS § 434.845.

### COUNT VI – VIOLATION OF K.R.S. § 434.855
### (MISUSE OF COMPUTER INFORMATION)

68. Paragraphs 1 through 67 above are incorporated herein as if specifically set forth.

69. Defendants each separately misused Budsgunshop's computer information by receiving, concealing, and/or using the stolen customer emails addresses and other customer information described above, and/or by aiding the other Defendant in so doing.

70. Defendants' actions constitute a violation of KRS § 434.855.

71. Budsgunshop was injured by the misuse of its computer information, which permits a civil cause of action under KRS § 446.070.

72. Pursuant to KRS § 446.070, Budsgunshop is entitled to recover damages from Defendants' actions in violation of KRS § 434.855.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully demands a trial by jury on all counts so triable and requests that the Court adjudge and decree the following relief:

A. preliminary and permanent injunctive relief as is necessary and appropriate to prevent further access to and duplication, distribution, and other use of Budsgunshop's customer email addresses and other customer information and communications;

B. an award to the Plaintiff of damages adduced at trial, plus exemplary and/or punitive damages;

C. a disgorgement of profits by Defendants attributable to the aforementioned violations of federal and state law;

D. pre- and post-judgment interest at the highest rate allowed by law;

  E. its attorney's fees and costs pursuant to, *inter alia*, 18 U.S.C. § 2707(c) and KRS § 365.886; and

  F. any and all such other and further relief as the Court deems just and proper.

           Respectfully submitted,

           /s/ William L. Montague, Jr.
           William L. Montague, Jr.
           David J. Treacy
           DINSMORE & SHOHL, L.L.P.
           250 West Main Street, Suite 1400
           Lexington, Kentucky 40507
           (859) 425-1000

           *Counsel for Budsgunshop.com, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing has been served by United States mail, postage prepaid, on this 30th day of November on the following counsel for the defendants:

Don A. Pisacano
Carroll M. Redford III
MILLER, GRIFFIN & MARKS, P.S.C.
Security Trust Building
271 W. Short Street, Suite 600
Lexington, Kentucky, 40507

           /s/ William L. Montague, Jr.
           *Counsel for Budsgunshop.com, LLC*